HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAWERA HOLZFEUERUNGSANLAGEN GESELLSCHAFT MBH,

    Plaintiff,

  v.

NORTHLINE INDUSTRIES, INC, d/b/a NORTHLINE ENERGY,

    Defendant.

CASE NO. C13-1267RAJ

ORDER

This matter comes before the court on Plaintiff's motion for default judgment. Dkt. # 11. The record reflects that Defendant is in default. The court GRANTS the motion, although it awards a smaller judgment that Plaintiff requested. The court directs the clerk to enter a default judgment as directed at the conclusion of this order.

The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of

ORDER – 1

mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiff has established that Defendant has failed to pay amounts owing under two contracts for the installation of biomass combustion equipment to two Maine schools in May. As to the first of those contracts, for a project at Poland High School, Plaintiff owes €91,234, and that amount was owing as of May 25, 2011. As to the second of those contracts, for a project at Phillips School, Defendant owes €37,032.45, and that amount was also owing as of May 25, 2011. Plaintiff has also established that Defendant failed to pay amounts owing under six invoices for parts that Plaintiff delivered at Defendant's request. Those invoices establish that Plaintiff owed €295 as of December 15, 2010, €1,490.32 as of December 23, 2010, €528.20 as of December 27, 2010, €37 as of December 30, 2010, €414 as of January 20, 2011, and €362.20 as of December 29, 2011. In addition, Plaintiff has established collection costs of €4,545.79.

Plaintiff has established that it incurred attorney fees of $6,815, but it has not established that the contracts or any other authority provide it a right to recover attorney fees. The court will not award attorney fees. Plaintiff's counsel declares that it incurred "expenses" of just over $1000, but it has not attempted to establish that those expenses are compensable costs. The court will not award these unspecified "expenses."

The clerk shall enter default judgment in accordance with this order. As the contracts in question called for payment in euros, the court will award judgment in euros as well.

DATED this 4th day of April, 2014.

*Richard A. Jones*
————————————————
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2