HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAWERA HOLZFEUERUNGSANLAGEN
GESELLSCHAFT MBH,

    Plaintiff,

    v.

NORTHLINE INDUSTRIES, INC, d/b/a
NORTHLINE ENERGY,

    Defendant.

CASE NO. C13-1267RAJ

ORDER

This matter comes before the court on Plaintiff's motion for an order requiring Ron Kirkendorfer, who Plaintiff alleges is an officer of the Defendant, to appear before the court for an examination of a judgment debtor in accordance with RCW 6.32.010. For the reasons stated herein, the court DENIES the motion (Dkt. # 14) without prejudice to a motion that addresses the concerns outlined in this order.

The court issued a default judgment to Plaintiff in April 2014. The court guesses that Defendant has not satisfied the judgment, but it is forced to guess, because there is no evidence before the court. Plaintiff's current motion consists of a single sentence followed by 21 demands for documents and other evidence from Mr. Kirkendorfer, and a one-sentence conclusion. There is no evidence accompanying the motion. Other than an identification of Mr. Kirkendorfer and a bare citation of RCW 6.32.010, the motion provides no explanation Plaintiff's efforts to execute on the judgment or why it needs the

ORDER – 1

relief it requests in the motion.  There is no evidence that Defendant, Mr. Kirkendorfer, or anyone else has been served with the motion.

Federal Rule of Civil Procedure 69 governs execution on a money judgment in a federal district court.  To the extent that no federal law applies, Rule 69(a) permits a judgment creditor to use state-law procedures for execution of a judgment.  Rule 69(b) permits a judgment creditor to use either state or federal discovery procedures to obtain information to aid execution of a judgment.

RCW 6.32.010 permits a court to order a judgment creditor to appear before it for an examination.  The statute does not mandate that the court permit such an examination.  This court would be unlikely to order an in-court examination unless the judgment creditor demonstrated that other means to obtain information to execute upon a judgment, including simple discovery, were not available or were unlikely to be effective.

The court denies the request for an in-court examination for a few reasons.  First, there is no evidence that Plaintiff served Defendant or Mr. Kirkendorfer with the motion, and there is nothing in the motion that suggests that it would be acceptable for the court to enter an ex parte order in these circumstances.  Second, the order does not attempt to explain Plaintiff's efforts to execute upon the judgment or otherwise inform the court why relief is necessary, much less explain why an in-court examination is necessary.

The court accordingly DENIES the motion (Dkt. # 14), without prejudice to a renewed motion that demonstrates a sufficient basis for relief in aid of Plaintiff's apparent efforts to execute on its judgment.

DATED this 2nd day of February, 2015.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2